NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re MARTIN AKERMAN,**
*Petitioner*

---

2024-130

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DC-1221-22-0257-S-1.

---

## ON PETITION AND MOTION

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Martin Akerman petitions this court for a writ of mandamus relating to alleged delays and violations of due process rights by the Merit Systems Protection Board. The Board opposes. Mr. Akerman separately objects to the caption and moves for various relief, including to proceed *in forma pauperis*, to strike certain documents as erroneously filed, and a stay pursuant to Rule 18 of the Federal Rules of Appellate Procedure, ECF No. 22.

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law." 28 U.S.C. § 1651(a). Mandamus is an extraordinary remedy available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) no adequate alternative avenue for relief; and (3) that mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 81 (2004).

As an initial matter, to the extent Mr. Akerman seeks relief related to *Akerman v. Department of the Army*, No. DC-0752-22-0376-I-1, he has not shown this court has jurisdiction to grant such relief. Mr. Akerman characterizes that matter as a "mixed case" appeal. Because this court lacks jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," § 7703(b)(2), we would not have authority under the All Writs Act to issue a writ of mandamus "in aid of" our prospective jurisdiction. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017); *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1357 (Fed. Cir. 2011) (holding that the affirmative defense of retaliation for prior equal employment opportunity activity "falls outside [of the court's] jurisdictional reach").[1]

As to the other matters identified in Mr. Akerman's filings, it appears the Board has issued an initial or final decision in all but one of those matters, and Mr. Akerman has not shown why ordinary review processes before the Board or before this court are inadequate to raise any of his challenges to those decisions.[2] As to the only identified matter

---

[1]    We reach the same conclusion as to Mr. Akerman's assertions regarding unidentified "civil forfeiture" actions in Arizona, Arkansas, and Nevada, which would clearly be outside of this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

[2]    Indeed, the court has already received five petitions for review from Mr. Akerman for appeals listed in his

pending before the Board, filed on February 28, 2024, *Akerman v. Office of Personnel Management*, No. DC-844E-24-0359-I-1, Mr. Akerman has shown nothing of the sort of unreasonable delay courts have required in granting mandamus relief. *See Groves v. McDonough*, 34 F.4th 1074, 1080 (Fed. Cir. 2022); *see* 5 U.S.C. § 706(1); *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is dismissed-in-part and denied-in-part.

(2) The motion for leave to proceed *in forma pauperis*, is granted.

(3) The motion to delete ECF Nos. 6–8 is granted to the extent that those entries will be stricken from the docket.

(4) All remaining motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 21, 2024
        Date

---

petition, docketed here as Appeal Nos. 2024-1912, 2024-1913, 2024-1914, 2024-1915, and 2024-1926.